**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 8 2013

JAMES W. McCORMACK, CLERK
By:_____
DLP CLERK

| | |
|---|---|
| DR. SANFORD HUTSON, on behalf of himself and all others similarly situated | ) ) ) ) |
| *Plaintiff,* | ) ) |
| VS. | ) ) |
| THEEDUCATIONAUTHORITY.COM and DMI PARTNERS, INC., | ) ) ) |
| *Defendants.* | ) ) ) |

CASE NO.: 4:13 cv 321 Sww

JUDGE Wright

JURY TRIAL DEMANDED

This case assigned to District Judge Wright
and to Magistrate Judge ___ Kay

## COMPLAINT- CLASS ACTION

COMES NOW Plaintiff Dr. Sanford Hutson on behalf of himself and all other persons similarly situated, and files this class action complaint ("Complaint") against Defendants TheEducationAuthority.com ("Education Authority") and DMi Partners, Inc. ("DMi" or "DMi Partners")(collectively "Defendants"). Plaintiff seeks certification of his claims against Defendants as a class action. Plaintiff alleges, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1.      Defendants' conduct, as described herein, violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA").

2.      Congress enacted the TCPA as a way to address a growing number of unrestricted telemarketing calls thought to be an invasion of privacy and a risk to public safety.[1]

3.      Education Authority is a web-based company that seeks to match prospective

---

[1] *See generally* 47 U.S.C. § 227.

students with participating colleges based on areas of interest.

4.      DMi Partners is a marketing agency that wholly-owns and operates Education Authority.

5.      Upon information and belief, as a way to advertise to and solicit new participants, Defendants employed mass telemarketing campaigns, either through their own call centers or through third-parties, that included thousands of unsolicited phone calls to consumers nationwide. These calls featured a pre-recorded or artificial voice message ("Robocall"). Additionally, a majority of these calls made to consumers were "abandoned." As determined by 47 CFR 64.1200(a)(7), "[a] call is "abandoned" if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting."

6.      At no time did Plaintiff or members of the Class provide their telephone numbers to Defendants for any purpose, nor did they consent to receiving, or having Defendants make, telephone calls to their telephone numbers.

7.      Upon information and belief, in an effort to increase participation in Education Authority's services, Defendants placed thousands of these calls to consumers' residential telephone lines and more than 3% of those calls were "abandoned" in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

8.      Defendants caused actual harm to Plaintiff and members of the Class by making these unsolicited phone calls and by creating the harassment, nuisance, and overall aggravation that go with the receipt of these calls.

9.      This is a civil action seeking class certification, statutory damages, and injunctive relief, as well as costs and reasonable attorneys' fees, from Defendants for their violations of the TCPA.

## PARTIES

10.     Plaintiff Dr. Sanford Hutson is, and at all times relevant was, a resident of the state of Arkansas.

11.     Education Authority is a Pennsylvania corporation with its principal place of business at 121 South Broad Street, Philadelphia, Pennsylvania, 19107. It does business throughout the United States, including Arkansas and this district.

12.     DMi Partners is a Pennsylvania and Florida corporation with its principal place of business at 121 South Broad Street, Philadelphia, Pennsylvania, 19107. It does business throughout the United States, including Arkansas and this district.

13.     Upon information and belief, Education Authority is a wholly-owned subsidiary of DMi Partners.

## JURISDICTION AND VENUE

14.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because, on information and belief, the aggregate claims of the putative Class Members exceed $5 million, exclusive of interests and costs, and Plaintiff Hutson is a resident of a different state than Defendants.

15.     This Court also has federal question jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227 *et seq*., and personal jurisdiction over Defendants since at all relevant times Defendants have regularly and systematically transacted business within the State of Arkansas.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction here and regularly conduct business in the Eastern District of

Arkansas.

## COMMON FACTUAL ALLEGATIONS

17.     Education Authority is a web-based company designed to match prospective students with participating colleges and universities. It purportedly "helps make the process of finding the right school simple, efficient, and painless."

18.     Upon information and belief, Education Authority is wholly-owned and operated by DMI Partners, which is a marketing agency specializing in online and direct response marketing, including the operation of telemarketing call centers.

19.     According to its website, "DMi Partners can leverage our call center relationships to generate sales and leads."

20.     As part of its marketing strategy for Education Authority, DMi uses its own telemarketing call centers to initiate unsolicited telemarketing calls, including Robocalls, to enroll new prospective students.

21.     Upon information and belief, either through their own telemarketing operations or a third-party, Defendants have made thousands of Robocalls and telemarketing calls to consumers throughout the United States promoting Education Authority's services.

22.     Plaintiff and Class Members have received more than one unsolicited telemarketing calls from Defendant within a 12-month period.

23.     On or about December 13, 2011, at around 8:18 am, Defendants, through their own telemarketing operations or through a third-party, placed a call to Plaintiff's residence. Plaintiff's caller ID identified the incoming call to be from 866-972-9317.

24.     Just a few hours later, at 12:29 pm, Defendants placed a second call to Plaintiff's residence from the same number. Defendants placed a third call to Plaintiff's residence at 4:52

pm the same day.

25.     On or about December 14, 2011 at around 8:43 am, Defendants again began calling Plaintiff. At or around 1:06 pm the same day, Plaintiff spoke with one of Defendants' representatives, Bryan, and asked to be added to Defendants' internal Do-Not-Call list. Plaintiff received two additional calls from Defendants that same day on or around 5:34 pm and 7:42 pm. Each additional time Defendants called, Plaintiff answered but no one responded on the other end of the line.

26.     Plaintiff's residential telephone number was at all relevant times registered on the national Do Not Call registry.

27.     Plaintiff's experience was typical of many consumers who received unsolicited marketing calls from Defendant. For example, online posts found at http://800notes.com produce similar complaints, including the following:

- **MLeah**
  **14 Mar 2012**
  They call me 3 or 4 times a day, and when I pick up they hang up.

- **Nikki**
  **16 Mar 2012**
  they keep calling saying they want to know if i want to further my education they called from a florida number as well 941- 926- 9317 i said no i didnt sign up for this and he asked if i knew anyone else and i said NO STOP CALLING yet they keep calling

- **Annie Trepanier**
  **27 Mar 2012**
  I get calls all day long from this number (866) 972-9317.

- **Laura**
  **13 Apr 2011**
  I get calls from this # at least 3 times a day. I just re-registered on the Do Not Call list and filed a complaint against 866-972-9317. If someone doesn't answer or picks up and hangs up on you immediately, then maybe you want to take that person's phone # out of your system!
  *Caller: Education Authority*

- **Leila Ferrigno**
  **18 May 2011**
  Keep calling me multiple times a day and every time that i happen to be able to answer they hang up on me after i say hello. Very irksome considering they call at 7am to around 9 at night.
  *Caller: Education Authority*

- **tired of scammers**
  **23 Aug 2011**
  Got several calls from this number on my cell phone, so I called them back. Guy answers the phone by saying "Hello?". No business identifier or anything, so I said "Who is this?" He says ____ from the Education Authority, someone from this number called and asked about college. I told him he was incorrect, and not to call my number again. Then, I reported it to Do Not Call.gov.

- **Pakistani**
  **16 Dec 2011**
  I get calls from this number all the time. I call back. They end the call as soon as they receive it.

- **Kaiser Solze**
  **9 Aug 2010**
  It's a call from the Education Authority. It's for enrolling in online courses.
  *Caller: Education Authority*
  *Call Type: Telemarketer*

- **917846****
  **7 May 2012**
  STOP calling me - you are wasting my limited minutes!

- **Rpare**
  **17 Feb 2012**
  I have received multiple calls from this number (the educationauthority.com) It seems from code on their website that they are customers of or affiliated with dmipartners.com. After failing to get a response to a callback to 866-972-9317 and being unable to locate any contact information on http://www.theeducationauthority.com/ website I examin[e]d the elements of the http://www.theeducationauthority.com/ website and discover[e]d a link to dmipartners.com.
  I sent the following to dmipartners.
  ------------------------------------------------------------
  I have received many unsolicited phone call from "The Education Authority" calling from 866-972-9317. Callback to this number return an "out of service" message.
  An examination of the elements of website TheEducationAuthority.com (this

website has no privacy policy or contact information) indicates that you are partnered with them in some manner. In lieu of being able to contact them directly I am putting your company on notice that I do not wish to receive ANY calls from TheEducationAuthority.com or any other of you customers The number NOT to be called is xxx-xxx-xxxx. If you need to contact me I will accept ONLY email @ r******@gmail.com.
This information provided above may be posted to other websites concerned with the unwanted reception of unsolicited calls
*Caller: The Education Authority*
*Call Type: Telemarketer*

28.    The TCPA was designed to protect consumers, Plaintiff, and the putative Class from these kinds of calls.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action individually and on behalf all others similarly situated pursuant to Federal Rules of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

30.    Plaintiff seeks certification for the following classes (collectively referred to as "the Class" or "Class"):

    a.    "The Pre-Recorded Class":
All natural persons residing in the United States who received a telephone call, made by or on behalf of Defendants, within the four years prior to the date of the filing of this Complaint, featuring an artificial voice or pre-recorded message.

    b.    "The Abandoned Call Class":
All natural persons residing in the United States who received a telephone call, made by or on behalf of Defendants, within the four years prior to the date of the filing of this Complaint, that was "abandoned" as defined by 47 CFR (a)(7).

31.    Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendants releases of all their class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and

their family members.

32.     **Numerosity.**   The Class is so numerous that joinder of all members is impracticable.   At this time, Plaintiff does not know the exact size of the Class.   Based on information and belief, the Class is comprised of at least thousands of members so as to render joinder of all Class Members impracticable. Class Members can be identified through Defendants' records.

33.     **Commonality.**  Common questions of law and fact predominate over individual issues.  There is a well-defined community of interest in the questions of law and fact involved affecting members of each Class.   The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

> a.  Whether Defendants' actions constitute violations of the TCPA;
>
> b.  Whether Defendants systematically made telephone calls to persons who did not provide Defendants with their prior express consent to receive such telephone calls;
>
> c.  Whether Defendants utilized an artificial or pre-recorded voice in making telephone calls to Plaintiff and the putative Class;
>
> d.  Whether more than 3% of the calls Defendants made within any 30-day period were "abandoned" as prohibited by the TCPA; and
>
> e.  Whether Class Members are entitled to treble damages based on the willfulness of Defendants' conduct.

34.     **Typicality.**  Plaintiff's claims are typical of the other Class Members' claims.  As described herein, Plaintiff and Class Members sustained damages arising from Defendants' wrongful conduct and unsolicited telephone calls. Defendants uniformly violated the TCPA by engaging in the conduct as described herein, and these violations had the same effect on each member of the Class.

35.    **Adequacy.**  Plaintiff is an adequate representative of the Class because he fits within the Class definition and his interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff will prosecute this action vigorously for the benefit of the entire Class.  Plaintiff is represented by experienced and able attorneys.  Class counsel have litigated numerous class actions and complex cases, and Plaintiff's counsel intend to prosecute this action vigorously for the benefit of the entire Class.  Plaintiff and class counsel can and will fairly and adequately protect the interests of all of the members of the Class.

36.    **Predominance and Superiority**. Questions of law and fact common to the Class predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class to effectively redress the wrongs done to them on an individual basis.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## COUNT I
### Violations of the Telephone Consumer Protection Act, 47 USC § 227(b)
### (On Behalf of the Pre-Recorded Class)

37.    Plaintiff incorporates by reference and realleges each and every allegation

9

contained above, as though fully set forth herein.

38.     The allegations in this cause of action are brought on behalf of Class Members who received an unsolicited telephone call to their residence from Defendants, or on behalf of Defendants, that included a pre-recorded or artificial voice message.

39.     Defendants made unsolicited telephone calls to Plaintiff's and Class Members' telephone numbers without their prior express consent.

40.     Defendants utilized artificial or pre-recorded voice messages when making the telephone calls.

41.     By making these unsolicited telephone calls containing artificial or pre-recorded voice message without the Plaintiff's or Class Members' prior express consent, or allowing them to be made on Defendants' behalf, Defendants have violated 47 U.S.C. §227 (b)(1)(B).

42.     Accordingly, Plaintiff, on behalf of himself and other Class Members, seeks an injunction under 47 U.S.C. §227 (b)(3)(A) enjoining Defendants' unlawful telemarketing practices.

43.     Additionally, Plaintiff, on behalf of himself and other Class Members, under 47 U.S.C. § 227(b)(3)(B), seeks an award of statutory damages of at least $500 for each of Defendants' violations of the TCPA.

44.     If this Court should find that Defendants' actions were willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), award treble damages recoverable by Plaintiff and Class Members.

## COUNT II
### Violations of the Telephone Consumer Protection Act, 47 USC § 227(c)
### (On Behalf of the Abandoned Call Class)

45.     Plaintiff incorporates by reference and realleges each and every allegation

contained above, as though fully set forth herein.

46.     The allegations in this cause of action are brought on behalf of Class Members who received an abandoned telephone solicitation call to their residence from Defendants or on behalf of Defendants.

47.     Defendants made unsolicited telephone calls to Plaintiff's and Class Members' telephone numbers without their prior express consent.

48.     As required by 47 U.S.C. § 227(c)(1), 47 CFR 64.1200 was enacted as a means to "protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

49.     Defendants "abandoned" over 3% of the telemarketing calls made within a 30-day period for a single calling campaign.

50.     As determined by 47 CFR 64.1200(a)(7), "[a] call is "abandoned" if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting."

51.     Defendants' telephone calls to Plaintiff and other Class Members were "telemarketing" calls as defined by 47 CFR 64.1200(f)(12).

52.     Plaintiff and Class Members received more than one telephone call within a 12-month period from Defendants.

53.     Accordingly, Plaintiff, on behalf of himself and other Class Members, seeks an injunction under 47 U.S.C. § 227(c)(5)(A) enjoining Defendants' unlawful telemarketing practices.

54.     Additionally, Plaintiff, on behalf of himself and other Class Members, under 47 U.S.C. § 227(c)(5)(B), seeks an award of statutory damages of at least $500 for each of

Defendants' violations of the TCPA.

55.     If this Court should find that Defendants' actions were willful and knowing, it may, under 47 U.S.C. § 227(c)(5)(C), award treble damages recoverable by Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Sanford Hutson, on behalf of himself and others similarly situated, prays for the following relief:

1.  Certification of the Classes as defined above, appointment of Dr. Sanford Hutson Class Representative, and appointment of his counsel as class counsel;

2.  An award of actual and statutory damages;

3.  An injunction to cease all of Defendants' unlawful conduct;

4.  An award of reasonable attorneys' fees and costs; and

5.  For all other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**DATED: May 28, 2013**                         Respectfully submitted,

Randall K. Pulliam
Rebecca Kaufman
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Dr., Suite 200
Little Rock, AR 72212
P: 501-312-8500
F: 501-312-8505
rpulliam@cbplaw.com
rkaufman@cbplaw.com